UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APEX SYSTEMS, LLC,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>KIMBERLY J. SPERBER,<br><br>    Defendant and Counterclaimant. | Case No.: 23-cv-2011-BEN-SBC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**<br><br>**[ECF Nos. 36, 39, 42, 45, 48, 49 58 59 62 64 69 71 76 79]]** |

## I.  BACKGROUND

On May 31, 2024, Plaintiff Apex Systems ("Apex"), filed an Amended Complaint alleging breach of contract, violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), violations of the California Computer Data Access and Fraud Act (Cal. Penal Code § 502), violations of California Penal Code § 496, breach of the duty of loyalty, and unfair business practices under California Business and Professions Code §17200. On July 3, 2024, Kimberly J. Sperber filed her Answer and Counterclaim against Apex. Apex moves to stay the proceedings.  In so doing, Apex advises that the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Eastern District of Virginia are currently investigating Apex

-1-

and that the investigation appears to track the allegations in the counterclaim filed by Sperber.  Apex argues that a stay is necessary and would prevent prejudice, protect Fifth Amendment rights, conserve judicial resources, and allow the government to complete its criminal investigation, all without harming Sperber.  Sperber opposes, asserting that no criminal charges are pending, the government is not requesting a stay, Apex's employees lack valid Fifth Amendment claims, and a stay would unfairly prejudice her, burden the court's docket, and undermine the public's interest in a timely resolution.

## II.    DISCUSSION

Courts have the discretion to stay civil proceedings when the interests of justice require such action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). This power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  In exercising this discretion, a court evaluates the particular circumstances and competing interests involved in the case. *Keating*, 45 F.3d at 324 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

A stay may be appropriate when civil and criminal proceedings co-occur and involve related facts. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Indeed, "the extent to which the issues in the criminal case overlap with those in the civil case, is regarded as the most important factor because if there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Id*. (cleaned up). Here, Apex advises the investigation tracks the allegations of the counterclaim, thus, the

criminal and civil issues overlap and justify a stay of civil proceedings. In deciding whether to stay a civil case, courts may also consider: (1) the plaintiff's interest in proceeding expeditiously and the potential prejudice caused by delay; (2) the burden on defendants; (3) the court's convenience in managing its docket; (4) the interest of third parties; and (5) the public's interest in both the civil and criminal proceedings. *Keating*, 45 F.3d at 324–25.

Concerning the first factor (the plaintiff's interest in proceeding expeditiously), in this case it is the Plaintiff that seeks a stay of the case, thus, this factor leans heavily in favor of staying. For the second factor (the burden on defendant), Sperber argues that a stay risks stale evidence and faded memories. While generally speaking, witnesses may relocate and memories may fade as time passes, Sperber has not identified any particular evidence that will be lost during a stay. Thus, this factor does not weigh strongly against a stay. The third factor (the court's interest in managing its dockets) weighs in favor of a stay.[1] The fourth factor is neutral. As to the fifth factor, the public has a strong interest in criminal investigations prosecuting the guilty and clearing the innocent, thus favoring a stay. At the same time, the public has little interest in the spending of judicial resources on a civil proceeding that the plaintiff itself has no interest in pursuing. Thus, this factor also favors a stay of litigation. Altogether, the overlapping civil and criminal issues and the *Keating* factors weigh in favor of granting Plaintiff's request to stay its civil action during the pendency of the Department of Justice investigation.

---

[1] In this case, discovery is contentious, involving a motion to compel and informal conferences. Courts regularly stay civil proceedings when parallel criminal matters may consume significant resources. *See SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1069 (C.D. Cal. 2008). Apex notes that one discovery motion is fully briefed, and another may be forthcoming, while potential Fifth Amendment assertions could spur additional disputes. The Court concludes that a say will simplify issues, prevent inconsistent outcomes, and foster judicial efficiency.

### III. CONCLUSION

The Court grants Apex's Motion to Stay for the reasons stated above. This Court finds it "efficient for its own docket and the fairest course for the parties to enter a stay …pending resolution of independent proceedings which bear upon the case," even if those proceedings are not necessarily controlling. *Leyva*, 593 F. 2d at 863-64. In light of the stay of proceedings, the pending ancillary motions are decided as follows:

Dkt. No. 36 (MOTION to Compel Forensic Inspection of Kimberly Sperber's Electronic Devices and Further Responses to Written Discovery Requests by Apex Systems, LLC.) is DENIED with leave to re-file after the lifting of the stay;

Dkt. No. 39 (MOTION for Contempt for Violating the Preliminary Injunction and to Award Costs and Fees by Apex Systems, LLC.) is DENIED with leave to re-file after the lifting of the stay;

Dkt. Nos. 42 45 49 58 59 62 64 69 71 76 79 (motions to file documents under seal) are GRANTED.

Accordingly, all proceedings are **STAYED.** The parties shall file a status report with the Court every 90 days and if circumstances warrant revisiting or modifying this stay.

**IT IS SO ORDERED.**

DATED:   March 7, 2025

*[signature]*

**HON. ROGER T. BENITEZ**
United States District Judge